### In re HARROW LEASING CORPORATION, Debtor.

**LaSALLE NATIONAL BANK as Trustee U/A Dated May 5, 1981, Plaintiff,**

v.

**HARROW LEASING CORPORATION, Defendant.**

**Bankruptcy No. 83–02653G.
Adv. No. 83–1833G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 7, 1983.

Marjorie O. Rendell, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff, LaSalle Nat. Bank as Trustee U/A dated May 5, 1981.

Marc J. Sonnenfeld, E. Clive Anderson, Jami Wintz McKeon, Morgan, Lewis & Bockius, Philadelphia, Pa., for debtor/defendant, Harrow Leasing Corp.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented in this action for relief from the automatic stay is whether we should grant the debtor's mid-trial motion for leave to amend its answer to the plaintiff's complaint by disputing the computation of the interest on its debt, and by joining a third party defendant against whom it will assert a claim for breach of contract.

The facts of the case are as follows: Harrow Leasing Corporation ("Harrow") filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 1, 1983. The debtor's only asset is an aircraft which was purchased from Fokker Aircraft U.S.A., Inc. ("Fokker") with the financial assistance of Algemene Bank Nederland ("ABN") and Amsterdam-Rotterdam Bank N.V. ("Am-Ro"). On the date of the purchase of the plane the debtor executed a security agreement in favor of LaSalle National Bank ("LaSalle") which was to act as a security trustee in protecting the interests of ABN and Am-Ro. LaSalle filed the instant adversary action against the debtor seeking relief from the automatic stay imposed by 11 U.S.C. § 362(a) in order to foreclose the security interest in the plane. During the course of the trial on the LaSalle complaint, Harrow avers that it learned that it had been misled by the se-

cured lenders during the negotiations which culminated in the security agreement.

In essence, Harrow asserts that it should be granted leave to amend its answer to the complaint by adding an affirmative defense challenging the computation of the interest on the debt, and thus the total outstanding indebtedness, and a claim for breach of contract against Fokker, ABN and Am-Ro. In support of its motion Harrow cites Bankruptcy Rule 715 which states in part that leave to amend "shall be freely granted when justice so requires." Nonetheless, Harrow fails to cite the legislative history of 11 U.S.C. § 362 and the case law which state that an action for relief from the automatic stay is typically not the proper forum for hearing counterclaims and third party actions. *Lincoln Bank v. High Sky, Inc. (In Re High Sky, Inc.)*, 15 B.R. 332 (Bkrtcy.M.D.Pa.1981); *Citibank, N.A. v. Executive Leasing Corp. (In Re Executive Leasing Corp.)*, 3 B.R. 261 (Bkrtcy.D.P.R. 1980). As stated in the legislative history:

[A]t the expedited hearing under subsection [362](e), and at hearing on relief from the stay, the only issue will be the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization of the debtor, or the existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which, although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters. This approach is consistent with that taken in cases such as *In re Essex Properties, Ltd.*, 430 F.Supp. 1112 (N.D.Cal.1977), that an action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert counterclaims. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustee to recover property of the estate or to object to the allowance of a claim. However, this would not preclude

the party seeking continuance of the stay from presenting evidence on the existence of claims which the court may consider in exercising its discretion. What is precluded is a determination of such collateral claims on the merits at the hearing.

S.Rep. No. 95–989, 95th Cong., 2d Sess. 55, *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, at 5841.

Since the debtor's allegation that LaSalle incorrectly computed the rate of interest goes to the essence of LaSalle's claim for relief, we will allow the amendment on this issue. But we will deny the request to amend by adding a third party defendant against whom it proposes to assert a counterclaim, since these matters seem largely tangential to the request for relief from the stay.