**In re POUGHKEEPSIE HOTEL ASSOCIATES JOINT VENTURE, Debtor.**

**Bankruptcy No. 91–30684.**

United States Bankruptcy Court, S.D. New York.

Oct. 15, 1991.

---

Saperston & Day, P.C., Buffalo, N.Y. by Raymond L. Fink, for debtor.

Paul, Hastings, Janofsky & Walker, New York City by Harvey A. Strickon, for movant, Goldome Realty Credit Corp.

McCabe & Mack, Poughkeepsie, N.Y. by Richard A. Mitchell, for the Turner Corp. and Turner Const. Co.

Klein & Genova, Newburgh, N.Y. by Thomas Genova, co-counsel for the Turner Corp.

Jeffrey L. Sapir, White Plains, N.Y., Chapter 7 Trustee and attorney for Trustee.

Hiscock & Barclay, Buffalo, N.Y. by Michael E. Ferdman, for Federal Deposit Ins. Corp., as Receiver for Goldome, a New York State Chartered Savings Bank.

Daniel F. Curtin, State Court Receiver, c/o Corbally, Gartland & Rappleyea, Poughkeepsie, N.Y.

## DECISION ON MOTION TO STRIKE DEFENSE OF EQUITABLE SUBORDINATION

JEREMIAH E. BERK, Bankruptcy Judge.

This is a motion pursuant to Fed.R.Civ.P. 12(f) by Goldome Realty Credit Corporation ("GRCC") to strike the defense of equitable subordination, interposed by The Turner Corporation and Turner Construction Company ("Turner") in opposition to GRCC's motion for relief from the automatic stay under § 362(d) of the Bankruptcy Code ("Code").

### I. FINDINGS OF FACT

On April 11, 1991, Turner filed an involuntary petition for liquidation under Chapter 7 against Poughkeepsie Hotel Associates Joint Venture ("debtor"). Turner is the major unsecured creditor in the case, holding a claim arising from the debtor's alleged breach of a construction contract. An Order for relief under Code § 303 was entered May 9, 1991.

GRCC claims to be a secured creditor of the debtor by virtue of a note and mortgage executed by the debtor and the Dutchess County Industrial Development Agency, as mortgagors, on January 31, 1986 in the principal sum of $18,722,622.19. The mortgage lien covers commercial property constructed by Turner and owned by the debtor, commonly known as the Poughkeepsie Radisson Hotel. Prior to commencement of this involuntary bankruptcy case, GRCC obtained a foreclosure judgment against the debtor, and a receiver for the hotel was appointed by the New York State Supreme Court. By motion filed May

8, 1991, GRCC here applies for relief from the automatic stay or, in the alternative, dismissal of the involuntary bankruptcy case.

In opposition to that part of the motion seeking relief from the automatic stay, Turner asserts that the mortgage lien claim of GRCC should be equitably subordinated pursuant to Code § 510(c). The Chapter 7 trustee joins in this assertion. If Turner's pending equitable subordination proceeding is ultimately successful, GRCC would be reduced to the status of unsecured creditor. GRCC opposes this assertion and argues that the defense of equitable subordination may not be interposed on a motion for relief from the automatic stay.

On consent of Turner, GRCC, the involuntary debtor, the Chapter 7 trustee and the Federal Deposit Insurance Corporation,[1] the opposition of GRCC to Turner's equitable subordination defense was deemed to be a motion to strike a defense under Fed.R.Civ.P. 12(f). Thus, the sole issue here presented is whether equitable subordination under Code § 510(c) may be asserted as a defense to a motion for relief from the automatic stay under Code § 362(d). For the reasons set out below, we answer in the affirmative.

## II. DISCUSSION

### A. Defenses And Counterclaims Generally

■ A motion to strike a defense pursuant to Fed.R.Civ.P. 12(f) will be denied "if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." 2A James W. Moore et al., *Moore's Federal Practice* ¶ 12.21[3] (2d ed. 1991). *Moore's* sets out six factors to be considered on a motion to strike a defense:

1) Is the defense unrelated to plaintiff's claims?

2) Is the defense so clearly legally insufficient as to be worthy of the court's consideration?

3) Is there a factual question present?

4) Is the legal question raised in dispute?

5) Could the defense succeed under any set of circumstances?

6) Would failure to grant the motion prejudice the moving party?

*Id.*

■ GRCC appears to assert the first of these factors.[2] It claims that the defense of equitable subordination is improperly interposed as a defense to a motion for relief from the automatic stay. This argument is not without support. Under the former Bankruptcy Act of 1898 (repealed 1978), for instance, the litigation of counterclaims and offsets in the context of stay litigation was not permitted. *See, e.g., Matter of Essex Properties, Ltd.,* 430 F.Supp. 1112 (N.D.Ca. 1977); *In re The Overmyer Co.,* 2 Bankr. Ct.Dec. 992 (Bankr.S.D.N.Y.1976); *Matter of Groundhog Mountain Corp.,* 1 Bankr. Ct.Dec. 923 (Bankr.S.D.N.Y.1975). As *Collier* explains:

At least three grounds were adopted. First, and most persuasive with the courts, was the argument that the filing

---

1. Subsequent to the commencement of this involuntary Chapter 7 case, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for Goldome, a New York State Chartered Savings Bank. Goldome apparently provided the construction loan financing to the Debtor through GRCC. Accordingly, the FDIC claims an interest in the instant motion, and seeks leave to intervene in the bankruptcy case.

2. Although not in issue, we note the rather unusual context in which the parties appear. GRCC, the movant, is a secured creditor, while Turner, the respondent, is an unsecured creditor. Generally, the respondent to a motion is the party against whom relief is sought. Fed. R.Bankr.P. 9014. On a motion seeking relief from the automatic stay in a Chapter 7 case, the respondents are typically the debtor, the Chapter 7 trustee and any committee of unsecured creditors appointed pursuant to Code § 705. Fed.R.Bankr.P. 4001. Further, it is "usually held that a general creditor does not have standing to seek equitable subordination, where the trustee in bankruptcy has instituted a claim for such relief." *In re Parker Montana Co.,* 47 B.R. 419, 421 (D.Mont.1985). In the instant matter, however, although the Chapter 7 trustee has not commenced an equitable subordination proceeding, he nevertheless joins Turner in asserting the affirmative defense of equitable subordination to GRCC's motion for relief from the automatic stay.

of a complaint to vacate the stay was a defensive action and not the assertion of a claim giving rise to a right or obligation to assert counterclaims. Secondly, many of the same courts held that the bankruptcy court did not have jurisdiction to hear matters which it could not otherwise hear simply because of the filing of the complaint for relief from the stay. Finally, it was suggested that where the matter was already being litigated or capable of being litigated in another forum deflection of jurisdiction might be appropriate.

2 Lawrence P. King, *Collier on Bankruptcy* ¶ 362.08[3] (15th ed. 1991) (footnotes omitted) [hereinafter *Collier*].

The second and third grounds recited by *Collier* generally no longer pertain under the Code's more expansive jurisdictional grant. *See, e.g.,* 28 U.S.C. §§ 1334, 157. As to the first ground, the "defensive and informal nature of stay litigation," practice under the Code continues to preclude "the formal assertion of counterclaims." *Collier* at ¶ 362.08[3]; *see In re Executive Leasing Corp.,* 3 B.R. 261, 6 Bankr.Ct.Dec. 140 (Bankr.D.P.R.1980). Section 362(e) requires that a court expeditiously determine a motion for relief from the automatic stay. Indeed, within *thirty days* after the motion is made, the automatic stay is automatically terminated as to the movant, unless the court after notice and hearing orders the stay continued pending determination at a final hearing. Code § 362(e). The court may order the continuation of the automatic stay pending the conclusion of the final hearing only "if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing." *Id.* The less formal nature of stay litigation under the Code is illustrated by the fact that relief may now be obtained by motion under Fed. R.Bankr.P. 4001, rather than by the prior practice of an adversary proceeding. *See* Former Bankr.R. 701(6); *In re Lockwood,* 14 B.R. 374 (Bankr.E.D.N.Y.1981). As the House Report to Code § 362(e) explains:

At the expedited hearing under subsection (e), and at all hearings on relief from the stay, the only issue will be the claim of the creditor and the lack of adequate protection or existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor on largely unrelated matters. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustees to recover property of the estate or to object to the allowance of a claim.

H.Rep. No. 595, 95th Cong., 1st Sess. 344 (1977), U.S.Code Cong. & Admin. News, pp. 5787, 6300–6301.

Shortly after the Code was enacted, a view developed that consideration of affirmative defenses and counterclaims was improper in relief from stay litigation. *See, e.g., In re Johnson,* 756 F.2d 738, 740 (9th Cir.), *cert. denied,* 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985) ("validity of the claim or contract underlying the claim is not litigated" on a motion for relief from the automatic stay); *In re Saxon Industries, Inc.,* 43 B.R. 64, 67 (Bankr. S.D.N.Y.1984) (equitable subordination is "inappropriate for consideration in an automatic stay proceeding"); *In re Born,* 10 B.R. 43 (Bankr.S.D.Tex.1981). As the Court in *Born* explained:

[W]hen the defendant debtor through complex and bona fide affirmative defenses or counterclaims seeks affirmative counter relief it is not proper to attempt to determine that issue in the adequate protection hearing and thereby determine finally the amount of the debt which in turn will determine the extent of the creditor's interest which he is entitled to have protected. Rather, the counterclaims or affirmative defenses may be severed out and the modification of stay tried on the assumption that the creditor will prevail on the counterclaim. To do otherwise would deprive the secured creditor of the right of adequate protection while the proceedings are pending.

*In re Born,* 10 B.R. at 48–49.[3]

██ Nevertheless, a more expansive approach to what may be asserted in opposition to a relief from stay motion has evolved. The "interests of judicial economy and the speedy and economical determination of litigation" supports the consideration of affirmative defenses in relief from stay litigation. *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1287 (2nd Cir.1990). A challenge to the validity of the underlying lien may be asserted by affirmative defense. *See, e.g., In re Davenport,* 34 B.R. 463, 466 (Bankr.M.D.Fla.1983) ("when the affirmative defense contests the validity of the lien at issue, such affirmative defense should be considered in determining whether or not the automatic stay should be lifted or extended"); *In re Lockwood,* 14 B.R. 374 (Bankr.E.D.N.Y.1981). Likewise, failure to perfect a secured claim has been allowed as a defense to a motion for relief from the automatic stay. *First National Bank of Denver v. Turley,* 705 F.2d 1024 (8th Cir.1983); *In re Appeal of U.I.P. Engineered Products Corp.,* 43 B.R. 480 (N.D.Ill.1984).

Extrinsic defenses and counterclaims unrelated to stay litigation should be disallowed. *See, e.g., D-1 Enterprises, Inc. v. Commercial State Bank,* 864 F.2d 36, 38 (5th Cir.1989) ("unrelated matters" or "indirect defenses" are severed from stay litigation); *Matter of Little Creek Development Co.,* 779 F.2d 1068, 1074 (5th Cir. 1986) ("extrinsic state law defenses" are to be stricken). Where, however, the affirmative defenses or counterclaims "directly involve the question of the debtor's equity, they should be heard in the stay proceeding." *In re Bialac,* 694 F.2d 625, 627 (9th Cir.1982).

Whether a particular defense or counterclaim is properly asserted in stay litigation is ultimately within the court's discretion. *In re Bialac,* 694 F.2d at 627; *In re Marta Group, Inc.,* 33 B.R. 634, 641 (Bankr. E.D.Pa.1983); *In re Executive Leasing Corp.,* 3 B.R. at 263, 6 Bankr.Ct.Dec. at

141; *United Companies Financial Corp. v. Brantley (In re Brantley),* 6 B.R. 178, 182–83 (Bankr.N.D.Fla.1980). As the Senate Report to Code § 362 states: "[T]his would not preclude the party seeking continuance of the stay from presenting evidence on the existence of claims which the court may consider in exercising its discretion." S.Rep. No. 989, 95th Cong., 2d Sess. 55 (1978), U.S. Code Cong. & Admin. News, 1978, p. 5841. Indeed, the Second Circuit has enumerated twelve factors to be considered when determining whether relief from the automatic stay should be granted:

(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Industries, Inc.,* 907 F.2d at 1286; *In re The Drexel Burnham Lambert Group Inc.,* No. 90B–10421, 1990 WL 302177, 1990 Bankr. LEXIS 2889 (Bankr. S.D.N.Y. Dec. 14, 1990).

The drafters of the Code clearly recognized the importance of the automatic stay:

The automatic stay is one of the fundamental debtor protections provided by

---

**3.** Although widely cited for this proposition, the *Born* court acknowledged, however, that it was "not holding that a counterclaim or affirmative defenses should never be tried and determined during the trial of a complaint to modify the stay." *In re Born,* 10 B.R. at 50.

the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

S.Rep. No. 989, 95th Cong., 2d Sess. 54–55 (1978).

Consideration of affirmative defenses related to the movant's standing or to the underlying basis for relief from stay comports with this legislative intent. Failure to consider such would vitiate the protections and purpose of the automatic stay. As one court explained:

> In sum, then, when affirmative defenses or counterclaims are asserted and raised which strike at the heart of the amount of the creditor's claim or the validity of his lien, such defenses or counterclaims directly affect the issue of equity and thus the issues of harm and adequate protection, as well as the reasonable probability of any plan of reorganization. When such are asserted or raised, the court should give consideration to them in determining whether or not the stay should remain in effect.

*United Companies Financial Corp. v. Brantley (In re Brantley)*, 6 B.R. at 188.

### B. The Defense Of Equitable Subordination

■ The notion of equitable subordination, as embodied in Code § 510(c), is peculiar to bankruptcy law and an issue which can only be decided in a bankruptcy setting.

> [T]he Bankruptcy Court is the proper forum for the determination of the liquidation of a claim against the estates. Claim liquidation is the essence of bankruptcy. *See, e.g.,* 28 U.S.C. § 157(b)(2)(B). The Bankruptcy Court is also the proper forum to determine whether certain claims should be subordinated.

*In re The Drexel Burnham Lambert Group Inc.,* No. 90B–10421, 1990 WL 302177 at *8, 1990 Bankr. LEXIS 2889 at *31–32.

Equitable subordination typically requires the bankruptcy court to determine: "1) whether the claimant engaged in fraudulent conduct, 2) whether the conduct resulted in injury to creditors, and 3) whether subordination would be consistent with other bankruptcy law." *In re ASI Reactivation, Inc.,* 934 F.2d 1315, 1321 (4th Cir. 1991); *Matter of Lemco Gypsum, Inc.,* 911 F.2d 1553, 1556 (11th Cir.1990), *reh'g denied,* 930 F.2d 925 (11th Cir.1991); *Matter of CTS Truss, Inc.,* 868 F.2d 146, 148 (5th Cir.1989); *Matter of Missionary Baptist Foundation of America, Inc.,* 712 F.2d 206, 212 (5th Cir.1983); *Matter of Mobile Steel Co.,* 563 F.2d 692, 699–700 (5th Cir. 1977); *In re Omni Graphics, Inc.,* 119 B.R. 641, 644–45 (Bankr.E.D.Wis.1990); *see Matter of Poole, McGonigle & Dick, Inc.,* 796 F.2d 318, 322 (9th Cir.1986). Since the doctrine of equitable subordination "emanates from the general equity powers of the bankruptcy court," it is appropriately within the bankruptcy court's province to determine. *In re Merwede,* 84 B.R. 11, 12 (Bankr.D.Conn.1988).

■ Matters "which may be maintained only in the bankruptcy forum and could not be raised as affirmative defenses in a state court" deserve particular consideration. *In re Davenport,* 34 B.R. at 466. If the automatic stay is terminated and the movant allowed to foreclose, the estate would be deprived of these defenses in the nonbankruptcy forum.

■ Further, equitable subordination has been recognized in this Circuit as a factor which may be considered in relief from stay litigation. *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1286 (2nd Cir. 1990). The rationale for allowing the affirmative defense of equitable subordination to a motion for relief from the automatic stay is easily illustrated. Where a foreclosure action is pending, a debtor may file a bankruptcy petition or its creditors may commence an involuntary petition against the debtor to stay the foreclosure sale. Upon commencement of the bankruptcy case, the debtor and its unsecured

creditors have a "variety of protections under the Bankruptcy Code to capture any equity in the property, subject to providing adequate protection to the secured creditor." *In re Madrid*, 725 F.2d 1197, 1202 (9th Cir.), *cert. denied*, 469 U.S. 833, 105 S.Ct. 125, 83 L.Ed.2d 66 (1984). These protections include Code § 549 (avoidance of postpetition transfer), Code § 547 (avoidance of preferential transfer), and Code § 510(c) (equitable subordination). Should, for example, the respondent to a motion for relief from the automatic stay prevail on an equitable subordination defense, the movant would be deprived of secured status, thereby creating equity for the benefit of the estate. *See In re ASI Reactivation, Inc.*, 934 F.2d at 1320–21; *In re Lockwood*, 14 B.R. at 377. ("For if the claim of a secured party seeking relief from stay ... is subordinated and the claimant's lien is transferred to the estate, then the secured status ceases to exist and the party is not entitled to such relief.").

### C. Sufficiency Of Defense Of Equitable Subordination

Clearly, adjudication of the equitable subordination defense in the context of informal and expeditious stay litigation would be inappropriate. Nevertheless, "there is a tremendous difference between *adjudication* of the merits and mere *consideration* of counterclaims and defenses." *In re Tally Well Service, Inc.*, 45 B.R. 149, 151 (Bankr.E.D.Mich.1984). "While adjudication of the merits of potential counterclaims and affirmative defenses could seriously infringe upon the creditor's right to an expedited hearing, it is perfectly appropriate to acknowledge the presence of such claims in determining that creditor's equitable right to relief." *Id.* at 152.

When faced with an affirmative defense of equitable subordination during relief from stay litigation, courts have considered whether subordination was warranted under the facts of the case. *See, e.g., In re ASI Reactivation, Inc.*, 934 F.2d 1315 (4th Cir.1991); *In re The Drexel Burnham Lambert Group Inc.*, No. 90B–10421, 1990 WL 302177, 1990 Bankr. LEXIS 2889 (Bankr.S.D.N.Y. Dec. 14, 1990); *In re W.L. Bradley Co.*, 75 B.R. 505 (Bankr.E.D.Pa.

1987); *In re Towner Petroleum Co.*, 48 B.R. 182 (Bankr.W.D.Okla.1985).

At this juncture, however, we need only determine that on a motion for relief from the automatic stay the affirmative defense of equitable subordination may be interposed. Consideration of the sufficiency of the defense is not here presented, and we do not pass upon it at this stage of the proceeding.

The final hearing under Code § 362(e) on GRCC's relief from stay motion is set down for November 1 at 10:00 A.M., and the parties should be prepared to proceed at that time.

### III. CONCLUSIONS OF LAW

1. The Court has jurisdiction of this contested matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding as provided by 28 U.S.C. § 157(b)(2)(G).

2. The affirmative defense of equitable subordination under Code § 510(c) may properly be asserted as a defense to a motion for relief from automatic stay.

3. Accordingly, the instant motion to dismiss Turner's defense that GRCC's mortgage lien should be equitably subordinated is denied.

It is SO ORDERED.