In re DANBURY SQUARE ASSOCIATES, LIMITED PARTNERSHIP, Debtor.

AETNA LIFE INSURANCE COMPANY, Plaintiff,

v.

DANBURY SQUARE ASSOCIATES, LIMITED PARTNERSHIP; Little Rock–Bronx Corporation; People's Westchester Savings Bank; Gerald H. Genet, Inc.; the Connecticut National Bank; and A–1 Compaction, Inc., Defendants.

Bankruptcy Nos. 92 B 20465, 93–5046A.

United States Bankruptcy Court, S.D. New York.

Feb. 19, 1993.

Hebb & Gitlin, Hartford, CT, for Aetna Life Ins. Co.

Robert P. Herzog, New York City, for trustee.

## DECISION ON MOTION TO REMAND FORECLOSURE ACTION, OR IN THE ALTERNATIVE, TO ABSTAIN AND REMAND

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The foreclosure action in this single-asset Chapter 7 case has come full cycle back to this court after travelling through the state court in Connecticut, the United States District Court for Connecticut, the United States Bankruptcy Court in Bridgeport, Connecticut and back to the United States Bankruptcy Court for the Southern District of New York. Aetna Life Insurance Company ("Aetna"), the mortgagee of property known as the Danbury Square Shopping Center, Danbury, Connecticut, has moved pursuant to 28 U.S.C. § 1452(b) and Federal Rule of Bankruptcy Procedure 9027(d) to remand the foreclosure action to the state court in Connecticut, or in the alternative, to abstain and remand the foreclosure action to the state court in Connecticut pursuant to 28 U.S.C. § 1334(c)(1) and (2) and Federal Rule of Bankruptcy Procedure 5011(b).

The Chapter 7 trustee opposes Aetna's motion on the ground that the estate has an equitable subordination claim against Aetna pursuant to 11 U.S.C. § 510(c) that will be lost if the foreclosure action is permitted in the state court, either on the theory of remand or abstention.

### FACTUAL BACKGROUND

Aetna commenced a foreclosure action in the Superior Court of the State of Connecticut, Judicial District of Danbury, on Febru-

ary 7, 1992 to foreclose Aetna's mortgage against the sole real property asset of the debtor, Danbury Square Associates, Limited Partnership, which property is known as the Danbury Square Shopping Center, Danbury, Connecticut. A receiver of rents was appointed on March 3, 1992.

On March 10, 1992, the debtor filed with this court a petition for relief under Chapter 11 of the Bankruptcy Code and continued in management of its property as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

On April 28, 1992, Aetna filed its motion with this court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) for the purpose of continuing its state court foreclosure action. Thereafter, the debtor in possession, Aetna and the Official Creditors' Committee, represented by Robert Herzog, Esq., entered into a stipulation dated August 13, 1992, which was "So Ordered" by this court on September 1, 1992. The stipulation recognized that the debtor had no reasonable possibility of confirming a Chapter 11 plan and therefore, the debtor consented to a conversion of the case to liquidation under Chapter 7 of the Bankruptcy Code. Additionally, the parties stipulated that the automatic stay should be modified to permit Aetna to enforce its foreclosure remedy in the state court, including the appointment of a state court receiver. In paragraph 3 of the stipulation, the debtor issued a general release to Aetna with respect to all claims which it might have against Aetna. However, the release stated that it was not intended to affect any claims which third parties in the Chapter 11 case, or in the converted Chapter 7 case, may have against Aetna. Paragraph 7 of the stipulation provided that any trustee appointed thereafter was bound by its terms. This point was stated as follows:

7. *Binding Effect.* This Stipulation shall be of no force and effect unless and until it shall be approved by the Court. Upon approval of this Stipulation by the Court, the terms and provisions of this Stipulation shall be binding upon the parties hereto *and any trustee appointed in the within Chapter 11 case or any Chapter 7 case to which the within Chapter 11 case may be converted.*

*Stipulation*, at ¶ 7 (emphasis added).

On September 1, 1992, the debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code. A trustee in bankruptcy was appointed and Robert Herzog, Esq., the former attorney for the creditors' committee, was retained as attorney for the Chapter 7 trustee.

On September 8, 1992, Aetna filed a motion for judgment and strict foreclosure in the Superior Court of the State of Connecticut.

On September 10, 1992, the trustee in bankruptcy filed a Petition for Removal in the United States District Court of the State of Connecticut.[1] A copy of the removal papers was filed by the trustee in the Superior Court of the State of Connecticut on September 14, 1992. Pursuant to Federal Rule of Bankruptcy Procedure 9027(c), removal of the action was effective as a result of filing the copy of the removal papers with the state court.

On September 28, 1992, the state court, without actual knowledge of the removal papers, granted a judgment of strict foreclosure in the foreclosure action. This judgment was ineffectual because the case had previously been removed to the United States District Court in Connecticut.

On October 9, 1992, the trustee in bankruptcy moved in the United States District Court in Connecticut for referral of the foreclosure action to the United States Bankruptcy Court in Bridgeport, Connecticut, which was granted on November 16, 1992.

On December 17, 1992, the trustee in bankruptcy and Aetna jointly filed with the Bankruptcy Court in Bridgeport, Connecti-

---

1. A petition for removal of a case pursuant to 28 U.S.C. § 1452 from a state court to federal court is properly filed with the clerk of the bankruptcy court for the district and division within which is located the state court where the civil action is pending. Fed.R.Bankr.P. 9027(a). While Rule 9027(a) uses the term "clerk," Rule 9001(3) defines the clerk to mean the bankruptcy clerk. Fed.R.Bankr.P. 9001(3).

cut a motion pursuant to 28 U.S.C. § 1412 requesting transfer of venue of the foreclosure action to the United States Bankruptcy Court for the Southern District of New York, White Plains Division, where the bankruptcy case is pending. The transfer of venue motion was granted by order dated January 19, 1993.

## DISCUSSION

 This case is another illustration of how single-asset real estate cases do not fit comfortably within the confines of traditional Chapter 11 cases. The trustee in bankruptcy in this case argues that Aetna's foreclosure action against the debtor's single-asset shopping center real estate in Danbury, Connecticut is a core proceeding under 28 U.S.C. § 157(b)(2), where mandatory abstention under 28 U.S.C. § 1334(c)(2) is inapplicable. The trustee reasons that by filing a proof of claim in this case, Aetna submitted to the jurisdiction of this court and that the trustee's counterclaim for equitable subordination under 11 U.S.C. § 510(c) in response to the trustee's removed state court complaint for foreclosure created a core proceeding involving the allowance or disallowance of claims, as expressed in 28 U.S.C. § 157(b)(2)(B). A foreclosure action does not invoke any provision of title 11 and does not arise in a case under title 11 because a foreclosure action is based on rights created by state law, but may be related to a bankruptcy case. *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir.1991), *cert. denied sub nom. Cemco, Inc. v. Newman*, — U.S. —, 112 S.Ct. 2969, 119 L.Ed.2d 589 (1992); *In re Chapman*, 132 B.R. 153, 156 (Bankr.N.D.Ill.1991). However, a trustee's objection to a lien or claim bottomed on the concept of equitable subordination pursuant to 11 U.S.C. § 510(c) does implicate the process of allowance or disallowance of claims which is expressly described as a core proceeding under 28 U.S.C. § 157(b)(2)(B).

 In its present posture, the litigation between the parties involves a non-core complaint to foreclose on the debtor's real estate and a core counterclaim for equitable subordination of Aetna's secured claim. When combined, the issues raised by the pleadings do not fit neatly within the pale of either core or non-core for purposes of determining if mandatory abstention is applicable. The issue of equitable subordination raised by the counterclaim is so inextricably connected with Aetna's right to foreclose upon its lien that it would prejudice the trustee's position if the proceeding were determined only by the allegations in the complaint. Mandatory abstention as to Aetna's foreclosure action would result in the trustee's loss of the claim for equitable subordination of Aetna's lien should Aetna's foreclosure action be allowed to proceed in the state court. Equitable subordination pursuant to 11 U.S.C. § 510(c) is a bankruptcy remedy peculiar to the equitable jurisdiction of the bankruptcy court and cannot be severed from, and exist independently of, a lien or claim which will not be determined in the bankruptcy court. Thus, in *In re Poughkeepsie Hotel Associates Joint Venture*, 132 B.R. 287 (Bankr. S.D.N.Y.1991), it was held that the bankruptcy court should hear an equitable subordination claim under 11 U.S.C. § 510(c) as a defense to a motion for relief from the automatic stay because otherwise the equitable subordination claim would be lost if relief were granted without consideration of the equitable subordination claim on its merits.

> The notion of equitable subordination, as embodied in Code § 510(c), is peculiar to bankruptcy law and an issue which can only be decided in a bankruptcy setting.
>
> . . . .
>
> . . . If the automatic stay is terminated and the movant allowed to foreclose, the estate would be deprived of these defenses in the nonbankruptcy forum.

*Poughkeepsie Hotel*, 132 B.R. at 292.

 In the instant case, the issue is not whether or not abstention should apply but rather whether this court should direct that the removed state court foreclosure action be remanded to the state court pursuant to Rule 9027(d) of the Federal Rules of Bankruptcy Procedure. The courts have gener-

ally applied some of the same factors in determining motions for remand as obtain with respect to abstention issues. *In re Riverside Nursing Home,* 144 B.R. 951, 957 (S.D.N.Y.1992); *In re Warren,* 125 B.R. 128, 130–31 (E.D.Pa.1991); *Cook v. Griffin,* 102 B.R. 875, 877 (N.D.Ga.1989); *In re Chiodo,* 88 B.R. 780, 785 (W.D.Tex. 1988). However, it does not necessarily follow that the concept of mandatory abstention under 28 U.S.C. § 1334(c)(2) should automatically apply to motions for the remand of removed proceedings. In the instant case, the contours of the removed proceeding are not the same as those that existed when the debtor in possession, Aetna and the creditors' committee stipulated in the Chapter 11 case that the automatic stay should be modified to allow Aetna to foreclose its mortgage in the state court. In the interim, a trustee in bankruptcy was appointed. After removing the foreclosure action to the United States District Court in Connecticut, the trustee filed a counterclaim to Aetna's state court foreclosure complaint seeking to subordinate Aetna's mortgage lien to those of the debtor's unsecured claimholders. The trustee's equitable subordination counterclaim adopted the theory expressed in the debtor's disclosure statement that Aetna's conduct towards the debtor was so harmful as to warrant the equitable subordination of its claim against the debtor. The debtor's disclosure statement with respect to its proposed plan of reorganization alleged various acts and conduct attributable to Aetna which the debtor said improperly interfered with and hampered its effort to effect a Chapter 11 reorganization, including a demand for a twenty-five percent equity interest in the debtor. Aetna argues that it simply acted to protect its $23 million principal secured loan to the debtor. Whether or not the equitable subordination counterclaim has merit is a matter which cannot be resolved under a motion for remand.

■ Unlike the facts in *In re Calabria,* 5 B.R. 73 (Bankr.D.Conn.1980), where severing was possible between avoiding a judicial lien which impaired an exemption pursuant to 11 U.S.C. § 522(f) and permitting relief from the automatic stay, severing the instant foreclosure action from the equitable subordination counterclaim is inappropriate in the present case. In *Calabria,* there was no prejudice to either of the parties by letting the foreclosure action proceed in the state court because the bankruptcy remedy of preserving exemptions impaired by judicial liens could proceed independently in the bankruptcy court even after the remand of the foreclosure action to the state court. In the instant case, the equitable subordination claim may not be heard in this court if the foreclosure action is remanded to a state court where a judgment of strict foreclosure would be entered.

■ The parties contemplated that as a result of the consent to conversion of the case to Chapter 7, a trustee in bankruptcy would be appointed. Therefore, the parties agreed in paragraph 7 of the stipulation, which was "So Ordered" by the court, that the stipulation "shall be binding on the parties hereto and any·trustee in the within Chapter 11 case or any Chapter 7 case...." Stipulation, at ¶ 7. When counsel for the creditors' committee, who is now counsel for the trustee in bankruptcy, entered into this consent order, he did so with the knowledge that the creditors consented to the foreclosure action proceeding in the state court, notwithstanding the equitable subordination claim asserted by the debtor against Aetna in the disclosure statement. It now ill behooves the trustee to oppose the state court forum for resolving the foreclosure action after the debtor, Aetna and the creditors' committee entered into a consent order which expressly provided for the modification of the automatic stay to permit Aetna to prosecute to judgment the foreclosure action in the state court. Manifestly, creditors' committees should be free to deal with debtors in possession in bankruptcy cases without the prospect of having such agreements subsequently reversed by a later appointed trustee in bankruptcy.

First, it is axiomatic that the Trustee is bound by the acts of the debtor-in-possession, Trout, in entering into the three stipulations. It is equally self-evident

that the Trustee is bound by the decisions of the courts regarding the stipulations, even absent his presence at those proceedings. We cannot entertain any suggestion to the contrary, as the result would be chaos among debtors-in-possession and their creditors. Creditors must be able to deal freely with debtors-in-possession, within the confines of the bankruptcy laws, without fear of retribution or reversal at the hands of a later appointed trustee.

*Armstrong v. Norwest Bank, Minneapolis, NA,* 964 F.2d 797, 801 (8th Cir. 1992). *Accord, Paul v. Monts,* 906 F.2d 1468, 1473 (10th Cir.1990); *Feldman v. Trans–East Air, Inc.,* 497 F.2d 352, 355 (2d Cir.1974).

The consent order which the creditors' committee entered into with the debtor and Aetna permitting Aetna to pursue its foreclosure action in the state court is binding on the parties and their successors and should not be reversed by this court's refusal to remand the foreclosure action back to the state court.

Consideration must also be given to the fact that Aetna filed a secured claim in this case in excess of $25 million, whereas the parties stipulated in the consent order that "for purposes of the foreclosure action, the fair market value of the [property] is not greater than $21,600,000." Consent Order ¶ 4. Accordingly, the debtor lacks equity in the property which is one of the reasons that the foreclosure action was authorized to proceed in the state court.

The binding effect of the consent order and the debtor's lack of equity in the property, coupled with the fact that the equitable subordination claim had been asserted in the debtor's disclosure statement before the consent order was entered into, are persuasive factors for concluding that Aetna's motion to remand the foreclosure action to the state court should be granted.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the subject matter and the parties in accordance with 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(a). Aetna's motion for a remand is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. Aetna's motion pursuant to Rule 9027(d) to remand the removed state court foreclosure action is granted because the trustee in bankruptcy is bound by the stipulation which the debtor, Aetna and the Official Creditors' Committee entered into and which was "So Ordered" by this court, permitting Aetna to proceed with its foreclosure action in the state court.

SETTLE ORDER on notice in accordance with the foregoing.