**In re DANBURY SQUARE ASSOCIATES, LIMITED PARTNERSHIP, Debtor.**

No. 92 B 20465.

United States Bankruptcy Court, S.D. New York.

April 29, 1993.

■■■■■■■

Hebb & Gitlin, Hartford, CT, for Aetna Life Ins. Co.

Robert P. Herzog, New York City, for trustee.

## DECISION ON MOTION OF AETNA LIFE INSURANCE COMPANY FOR SUMMARY JUDGMENT ON TRUSTEE'S OBJECTION TO PROOF OF CLAIM

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Aetna Life Insurance Company ("Aetna"), the mortgagee of property known as the Danbury Square Shopping Center (the "Property"), has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, as made applicable by Federal Rules of Bankruptcy Procedure 9014 and 7056, in response to the Chapter 7 trustee's objection to Aetna's proof of claim. The trustee has filed both an objection to Aetna's proof of claim and opposition to Aetna's motion for summary judgment. In both the objection to claim and the opposition to summary judgment, the trustee's only contention is that Aetna's claim should be equitably subordinated pursuant to 11 U.S.C. § 510(c). The trustee neither challenges the amount of Aetna's claim nor its status as a secured claim.

### FACTUAL BACKGROUND

On February 7, 1992, Aetna commenced a foreclosure action in the Superior Court of the State of Connecticut, Judicial District of Danbury, to foreclose its mortgage against the Property, a shopping center in Danbury, Connecticut. On March 3, 1992, a receiver of rents was appointed.

On March 10, 1992, the debtor filed with this court a petition for relief under Chapter 11 of the Bankruptcy Code and continued in management of its property as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

On June 24, 1992, Aetna filed a proof of claim in the amount of $25,900,035.64, while the instant case was proceeding under Chapter 11 of the Bankruptcy Code. Aetna's claim arises from a promissory note dated February 13, 1990 in the amount of $23,000,000.00 secured by a valid, duly-perfected, first-priority lien on the Property.

On September 1, 1992, this court "So Ordered" a stipulation and consent order (the "Stipulation") signed by Aetna, the debtor and Robert P. Herzog ("Herzog"), counsel to the Official Committee of Unsecured Creditors. The stipulation contained several key provisions including a provision granting Aetna relief from the automatic stay to proceed with its state court foreclosure action and a provision consenting to conversion of the case from Chapter 11 to Chapter 7 of the Bankruptcy Code.

Pursuant to the Stipulation, there is no equity in the Property, which the parties agreed had a fair market value of no more than $21,600,000.00. *Stipulation*, at ¶ 4. The trustee does not challenge this valuation. *Trustee's Opposition to Aetna's Motion for Summary Judgment*, at ¶ 6. The Stipulation also contains a release granted by the debtor in favor of Aetna as follows:

3. *Releases.*

a. Debtor to AETNA. The debtor for itself, its general and limited partners and its affiliates, hereby waives, relinquishes, releases and discharges, for all purposes and in all forums, any and all claims, causes of action, defenses, counterclaims and demands of any kind and nature whatsoever, in law or in equity or otherwise, which the Debtor ever had or hereafter may have against AETNA upon or by reason of any manner or cause, whether now known or unknown, from the beginning of time to the date hereof, including, without limitation, (a) any and all claims, causes of action, defenses, counterclaims or demands relating to or arising from (i) the Loan Documents, (ii) any and all actions, conduct, omissions, representations, negotiations and communications of AETNA relating to the transactions evidenced by the

Loan Documents, (iii) any and all actions, conduct, omissions, representations, negotiations and communications of AETNA concerning any attempted restructuring or workout of the obligations evidenced by the Loan Documents, and (iv) any and all actions, conduct, omissions, representations, negotiations and communications of AETNA concerning or relating to the administration by AETNA of its loan to the Debtor, including, without limitation, the Debtor's efforts to relet space in the Project, (b) any and all claims, causes of action, defenses, counterclaims or demands, if any, which the Debtor ever had or hereafter may have against AETNA arising under one or more of Sections 510, 542, 543, 544, 545, 547, 548, 549, 550, 552, 553, or any other section or provision of the Bankruptcy Code, and (c) any and all claims, causes of action, defenses, counterclaims or demands, if any, which the Debtor ever had or hereafter may have against AETNA arising on account of fraud, misrepresentation, breach of the duty of good faith, equitable subordination, lender liability, interference with an advantageous business relationship or any similar theory of liability. Notwithstanding anything contained herein to the contrary, nothing contained herein shall prejudice, impair or adversely effect in any way (i) any claims, causes of action, defenses, counterclaims, demands or derivative actions under the Bankruptcy Code or otherwise (collectively, the "Claims") that any party in interest (other than the Debtor, its general and limited partners and its affiliates) in the within Chapter 11 case, or any Chapter 7 case to which this Chapter 11 case may be converted, may have against AETNA or (ii) the standing of such party to assert such claims against AETNA with the same force and effect as if the provisions of the first sentence of this Paragraph 3(a) did not exist.

*Stipulation,* at ¶ 3.

In addition, the Stipulation specifies:

7. *Binding Effect.* This Stipulation shall be of no force and effect unless and until it shall be approved by the Court. Upon approval of this Stipulation by the Court, the terms and provisions of this Stipulation shall be binding upon the parties hereto and any trustee appointed in the within Chapter 11 case or any Chapter 7 case to which the within Chapter 11 case may be converted.

*Stipulation,* at ¶ 7.

Shortly thereafter, a Chapter 7 trustee was appointed. The trustee retained Herzog as his counsel. On September 10, 1992, the trustee removed the foreclosure action from the state court to the United States District Court for the District of Connecticut.[1]

On November 16, 1992, the trustee moved in the Connecticut District Court and received an order referring the foreclosure action to the United States Bankruptcy Court for the District of Connecticut in Bridgeport, Connecticut. On January 19, 1993, the Bankruptcy Court in Bridgeport transferred the foreclosure action to this court, upon joint motion of the trustee and Aetna.

On February 19, 1993, this court rendered a decision remanding the foreclosure action to the state court. *In re Danbury Square Associates, Limited Partnership,* 150 B.R. 544 (Bankr.S.D.N.Y.1993). On March 3, 1993, this court entered an order remanding the foreclosure proceeding to state court.

On March 16, 1993, the trustee filed an objection to Aetna's claim, in which the trustee asserts, as a defense to Aetna's claim, a cause of action for equitable subordination under 11 U.S.C. § 510(c).

On April 13, 1993, Aetna moved for summary judgment on the trustee's objection to its claim and filed a statement of facts

---

1. A petition for removal of a case pursuant to 28 U.S.C. § 1452 from a state court to federal court is properly filed with the clerk of the bankruptcy court for the district and division within which is located the state court where the civil action is pending. Fed.R.Bankr.P. 9027(a).

While Rule 9027(a) uses the term "clerk," Rule 9001(3) defines the clerk to mean the bankruptcy clerk. Fed.R.Bankr.P. .9001(3). Therefore, this case was improperly removed to a district court, which necessitated a motion to refer the case to the bankruptcy court.

as to which it contended there was no genuine issue of material fact pursuant to Local Bankruptcy Rule 13(h). Aetna contends that the debtor is indebted to Aetna pursuant to a "promissory note dated February 13, 1990 in the stated principal amount of $23,000,00.00, which promissory note is secured by a valid, duly-perfected, first priority lien on the Property." Aetna's Rule 13(h) Statement, at ¶ 4.

The trustee filed a response to Aetna's proposed statement of material facts on April 22, 1993. The trustee only objects to that portion of Aetna's Rule 13(h) statement in which Aetna interprets the Stipulation and this court's decision remanding the foreclosure action to state court to mean that the trustee is precluded from asserting equitable subordination based on the release contained in the Stipulation. The trustee does not contest the amount of Aetna's claim, nor does the trustee challenge the validity of Aetna's lien in either his objection to Aetna's proof of claim or his opposition papers to Aetna's motion for summary judgment.

## DISCUSSION

In response to the Chapter 7 trustee's objection to Aetna's proof of claim, Aetna has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, as made applicable by Federal Rules of Bankruptcy Procedure 9014 and 7056. The substance of the trustee's objection to Aetna's proof of claim and opposition to Aetna's motion for summary judgment is that Aetna's claim should be equitably subordinated pursuant to 11 U.S.C. § 510(c). In order to equitably subordinate Aetna's claim, the court must first determine whether Aetna has an allowed secured claim pursuant to 11 U.S.C. § 502(b).

In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1363, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510–11.

█ Federal Rule of Bankruptcy Procedure 3001(f) states that a properly executed and filed proof of claim constitutes prima facie evidence of the validity and amount of that claim. Moreover, Local Bankruptcy Rule 13(h) deems admitted all material facts set forth in the 13(h) statement served by the moving party unless controverted by the statement filed by the opposing party. The opposing party, namely the trustee, has not objected to the amount of Aetna's claim or to the secured status of Aetna's claim. Therefore, Aetna's motion for summary judgment is granted to the extent that Aetna seeks a determination that it has an allowed secured claim in the amount of $25,900,035.64 pursuant to 11 U.S.C. § 502(b).

█ Having found that Aetna has an allowed secured claim in the amount of $25,900,035.64, the court now turns to the trustee's claim for equitable subordination pursuant to 11 U.S.C. § 510(c). In *Danbury Square*, 150 B.R. 544, the court stated that a claim for equitable subordination could not be brought in this court if the foreclosure action is remanded to state court where a judgment of strict foreclosure would be entered. The remanded foreclosure action would result in the satisfaction of Aetna's secured claim, perhaps leaving an unsecured portion which would not be subject to subordination by the trustee because there would be no distribution as the Property constitutes the estate's

only asset. *Id.* at 548. Equitable subordination is only a remedy in a bankruptcy court if the trustee has funds to distribute. If there is going to be no bankruptcy distribution, equitable subordination is meaningless. The court has never questioned that the trustee may bring an action under 11 U.S.C. § 510(c) in this court, only the utility of initiating such an action under the circumstances of this case.

■ A claim for equitable subordination must be brought by adversary proceeding. Fed.R.Bankr.P. 7001(8). However, Federal Rule of Bankruptcy Procedure 3007 states that "[i]f an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." Therefore, to the extent that Aetna contends that the trustee must commence an adversary proceeding in order to assert a claim for equitable subordination pursuant to 11 U.S.C. § 510(c), the trustee's objection to the claim is not procedurally defective.

■ While the trustee's objection to Aetna's claim is not procedurally defective, once the objection to claim, which is a contested matter, "becomes an adversary proceeding" pursuant to Rule 3007, this court may direct, in complicated matters, that the trustee comply with the procedural requirements of Part VII of the Federal Rules of Bankruptcy Procedure, "Including requiring the objecting party to institute an adversary proceeding by filing a complaint." Norton Bankr.Rules Pamphlet 1992–1993 Ed., at 217 (Editors' Comment to Rule 3007). The trustee alleges in his objection to Aetna's proof of claim that Aetna committed wrongful acts, overreaching, misfeasance, malfeasance, and nonfeasance. Although the objection to Aetna's proof of claim does supply some factual details to support its request for equitable subordination, a more detailed memorialization is warranted. This will also permit Aetna to respond to each allegation set forth by the trustee. Accordingly, the trustee should file an adversary complaint so that the court may schedule a trial date to resolve the trustee's equitable subordination claim, should Aetna have any remaining secured claim in this court to subordinate.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (B).

2. Aetna's motion for summary judgment is granted to the extent that Aetna seeks a determination that it has an allowed secured claim in the amount of $25,900,035.64 pursuant to 11 U.S.C. § 502(b).

3. The trustee should file an adversary complaint with respect to equitable subordination so that the court may schedule a trial date to resolve the trustee's equitable subordination claim.

SETTLE ORDER ON NOTICE in accordance with the foregoing.