In re Rudolph A. CARANCI, Debtor.

Marion M. Howard, individually and as Executrix of the Estate of Elizabeth M. Phillips a/k/a Bessie M. Phillips, Plaintiff,

v.

Rudolph A. Caranci, Defendant.

Bankruptcy No. 98–9996–8P7.
Adversary No. 98–510.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 4, 1998.

Thomas D. Decarlo, West Palm Beach, FL, for plaintiff.

Langfred W. White, Clearwater, FL, for defendant.

## ORDER ON MOTION FOR ABSTENTION

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matter under consideration is a Motion for Abstention filed in the above-captioned adversary proceeding by Marion M. Howard (Ms. Howard). Ms. Howard in her Motion contends that the underlying facts relevant to her Complaint are the same facts that were already litigated in the State of Rhode Island over a period of almost six years. Two separate trials were held involving the same issues, and two separate appeals were taken, including an appeal to the Supreme Court of Rhode Island. Moreover, the litigation involved a third party who is not subject to the jurisdiction of this Court. Based on the foregoing, Ms. Howard contends that pursuant to 28 U.S.C. § 1334, this Court should abstain, and should direct the parties to conclude the disputes in the State Courts of Rhode Island.

The abstention provision under 28 U.S.C. § 1334(c)(1) is optional. The courts have broad discretion to abstain from hearing State law claims whenever appropriate "in the interest of justice, or in the interest of comity with State Courts or respect for State law." Section 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case." *See In re Wood*, 825 F.2d 90 (5th Cir.1987).

Under § 1334(c)(2), however, courts must abstain from hearing a State law claim for which there is no independent basis for federal jurisdiction other than § 1334(b) "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." *See Matter of Gober*, 100 F.3d 1195 (5th Cir.1996). Mandatory abstention applies only to non-core proceedings, that is, proceedings "related" to a case under Title 11, but not "arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1) & 1334(c)(2). *Matter of Gober, supra* at 1206.

The exhibits attached to the Motion fully support the allegations concerning the litigation history between Ms. Howard and the Debtor. Ms. Howard concedes that the issue of dischargeability is a "core proceeding" but contends that the fact that the proceeding is a "core proceeding" does not prohibit abstention. The Bankruptcy Court in the case of *In re Best Reception Systems, Inc.*, 220 B.R. 932, 953 (Bankr.E.D.Tenn. 1998) identified twelve factors that courts consider in deciding to abstain from hearing an adversary proceeding. The applicability of these factors to dischargeability litigation, however, is highly questionable. *Best Reception Systems, Inc., supra,* did not involve the issue of the dischargeability of a debt at all. Rather, the litigation involved fraud, misrepresentation, and negligence claims asserted by parties who filed proofs of claims against a corporate Chapter 11 debtor.

Even a cursory analysis of the authorities cited reveals that the majority of the cases did not involve claims of nondischargeability pursuant to 11 U.S.C. § 523(a)(2), (4), and (6), all of which are pure "core" proceedings under 28 U.S.C. § 157(b)(2)(I). For instance, *In re Tremaine*, 188 B.R. 380 (Bankr. S.D.Ohio 1995), involved claims of nondischargeability of marital obligations, including alimony and child support, determined in connection with a divorce proceeding in the State Court for which the jurisdiction of the Bankruptcy Court and the State Court was concurrent. *In re Franklin*, 179 B.R. 913 (Bankr.E.D.Ca.1995) involved the dischargeability of an unscheduled debt pursuant to 11 U.S.C. § 523(a)(3) over which the jurisdiction of the Bankruptcy Court is concurrent and not exclusive. However, the jurisdiction to determine claims of nondischargeability under Sections 523(a)(2), (4), (6) and (15) is exclusive and no court but the Bankruptcy Court where the case of the debtor is pending is competent to determine the dischargeability of a specific debt under these exceptions.

Clearly, one may accept the proposition urged here that the underlying facts, if true, may also present a claim under State law. Thus, this fact would require the Bankruptcy Court to decline and abdicate its duty mandated by Congress. If this were true, since all fraud claims and embezzlement claims based on breach of fiduciary duty are based on State law, it would be grounds to abstain from considering these types of claims pursuant to 28 U.S.C. 1334(c)(1). Clearly, the dischargeability of these claims are within the exclusive jurisdiction of the Bankruptcy Court. Thus, abstention would not be appropriate.

In the present instance, the controversy between Ms. Howard and the Debtor has indeed been extensively litigated in Rhode Island. Apparently, the parties fully explored through discovery everything they believe to be helpful and relevant to litigate the issues. Obviously, to the extent the discovery material obtained in the Rhode Island litigation is relevant to the narrow issues pending before this court, those materials are available and could be used in the Bankruptcy litigation. If additional discovery is needed, including depositions of witnesses who are not subject to subpoena, they could be deposed of in Rhode Island. The fact that Ms. Howard would be entitled to a trial by jury in Rhode Island is of no consequence since the issue of dischargeability, the only issue pending before this Court, is not triable by jury. To permit the controversy to be tried in Rhode Island would significantly impact the Debtor's right to obtain a fresh start and expose him to substantial expenses he can hardly afford. The Debtor would be compelled either to incur the cost of a jury trial in Rhode Island, or force the Debtor to forego his right to defend the suit due to a lack of funds and suffer a judgment by default, which Ms. Howard could then use in this Court by urging that the doctrine of collateral estoppel forecloses the Debtor from defending the suit filed against him in this Court. The application of the doctrine of collateral estoppel, also known as issue preclusion, is governed by State law. If under State law a default judgment will operate as collateral estoppel, it shall be recognized in bankruptcy litigation. *See In re St. Laurent*, 991 F.2d 672 (11th Cir.1993). In Florida, for purposes of res judicata, a judgment entered upon default is just as conclusive as one which was hotly contested. *See Cabinet Craft, Inc. v. A.G. Spanos Enterprises, Inc.*, 348 So.2d 920 (Fla. 2d DCA 1977); *Martino v. Florida Ins. Guaranty Ass'n*, 383 So.2d 942 (Fla. 3rd DCA 1980). It might be contended that this principle is equally applicable to the doctrine of collateral estoppel or issue preclusion. In the case of *In re Marsowicz*, 120 B.R. 602 (Bankr.S.D.Fla.1990), the court stated that the default entered against the debtors in a State Court action would not preclude the bankruptcy court from applying the doctrine of collateral estoppel. *See also Perez v. Rodriguez* 349 So.2d 826 (Fla. 3rd DCA 1977); *Baum v. Pines Realty, Inc.*, 164 So.2d 517 (Fla. 2d DCA 1964).

Based on the foregoing, this Court is satisfied that it would not be appropriate in this instance to grant the Motion to Abstain. The issues raised by the Complaint shall be litigated in this Court.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Abstain is hereby denied. It is further

ORDERED, ADJUDGED AND DE-CREED that a Pretrial Conference is hereby scheduled before the undersigned in Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida on Dec. 30, 1998 at 10:00 am.

DONE AND ORDERED.