In re CRD SALES AND LEASING, INC., Debtor.

In re C.R. Davidson Company, Inc., Debtor.

The Merchants Bank and Atlantic Bank and Trust Company

v.

C.R. Davidson Company, Inc., CRD Sales & Leasing, Inc., Paul P. Tierney, Carol S. Tierney, Michael J. Bouchard, Martha Bouchard

v.

George J. Cooke

v.

Roselli Rothers, Inc.

The Merchants Bank Atlantic Bank and Trust Co.

v.

Paul P. Tierney, Carol S. Tierney

v.

George J. Cooke

Atlantic Bank and Trust Company

v.

Michael J. Bouchard and Martha Bouchard

v.

The Merchants Bank and George J. Cooke

The Merchants Bank and Atlantic Bank and Trust Company

v.

C.R. Davidson Company, Inc. and CRD Sales & Leasing, Inc.

v.

Winston J. Doe and Louise C. Doe, Co–Administrators of Muriel M. Davidson Estate

CRD Sales & Leasing, Inc. and C.R. Davidson Company, Inc., Plaintiff,

v.

Atlantic Bank and Trust Co. The Merchants Bank, Defendant.

Bankruptcy Nos. 98–11734 FGC, 98–11733 FGC.
Adversary Nos. 98–1103, 98–1104, 98–1106 and 98–1107.
Nos. S644–11–95 WnCv, S472–12–95WrCv, S138–8–97 OeCv, 9999–1–97 WrCv and S133–4–96CaCv.

United States Bankruptcy Court, D. Vermont.

Feb. 22, 1999.

J. Behm and C. Reiss, of Sheehey, Brue, Gray, & Furlong, Burlington, VT, for The Merchants Bank and George Cooke ("Merchants").

L. Chalidze, and J.P. Faignant, of Miller, Faignant & Whelton, PC, Rutland, VT and J. Emens–Butler, and R. Obuchowski, of Obuchowski Law Office, Bethel, VT, for CRD Sales and Leasing, Inc. and CR Davidson Company, Inc. ("Debtors").

R. Curtiss, and L. Saffo, of Van Dorn, Cullenberg, Tenses & Curtiss, Orford, NH, for Atlantic Bank & Trust Company ("Atlantic").

A.L. Gallitano, of Otterman & Allen, PC, Barre, VT, for estate of Muriel Davidson.

FRANCIS G. CONRAD, Bankruptcy Judge.

We are asked[1] to abstain from hearing these adversary proceedings[2] and remand the foreclosure action and counterclaims[3] to the state court. We Deny the Motions to Abstain and Remand.[4]

1. Our subject matter jurisdiction over this controversy arises under 28 U.S.C. § 1334(b) and the General Reference to this Court under Part V of the Local district Court Rules for the District of Vermont. This is a core matter under 28 U.S.C. §§ 157(b)(2)(A); (K); and (O). This Memorandum of Decision constitutes conclusions of law under Fed.R.Civ.P. 52, as made applicable by Fed.R.Bankr.P. 7052.

2. This case has not yet been consolidated in the Bankruptcy Court, and currently consists of two separate Chapter 11 cases with two adversary proceedings in each (one adversary contained the removed foreclosure counterclaims from the state court, and the other included the new claims of equitable subordination, request to determine the extent and validity of Bank's lien, and a request for injunctive relief). Identical sets of briefs were filed in each case regarding the issues decided today. Due to the consolidation in the state court, the identical issues presented, and our continuing desire to save trees, we issue only one opinion regarding both cases and the adversary proceedings therein.

3. The following foreclosure actions were consolidated in the state court: The Merchants Bank v. C.R. Davidson Company et al. v. George J. Cooke, Washington Superior Court, Docket No. 644–11–95 WnCv; The Merchants Bank v. Tierney v. George J. Cooke, Windsor Superior Court, Docket No. 5472–95 Wrcf; The Merchants Bank v. C.R. Davidson Company, Inc., et al. Caledonia Superior Court, Docket No. 133–4Cacv; Atlantic Bank & Trust Company v. Michael J. Bouchard et al., Orange Superior Court, Docket No. 138–8–97 OeCv. For the purposes of this memorandum all of the proceedings at the state level, including counterclaims to the foreclosure action, are referred to as the 'foreclosure action'.

4. Our decision here is limited to the motions to remand, dismiss, and abstain. We note that Merchants Bank has requested a jury trial in the state court, but refuses to consent to a jury trial here. Debtors have requested a jury trial in this court. At this juncture, there is a potential dilemma under § 157(e), which states "(T)he bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties". We save this issue regarding the jury trial for another day.

## FACTUAL AND PROCEDURAL HISTORY

Debtors were formed in 1988 to do business in the granite industry. CRD Sales and Leasing held the assets and real estate, while C.R. Davidson Company acted as the operating, entity. Bradford National Bank made a number of loans[5] to Debtors personally guaranteed by Michael and Martha Bouchard and Paul and Carol Tierney ("guarantors"). Those loan obligations were later assigned to Merchants. Merchants filed foreclosure actions on the collateral of Debtors and guarantors in December of 1995.[6] Defendants in the foreclosure actions brought counterclaims against Merchants, alleging breach of contract, tortious interference with a contract, promissory estoppel, violations of the Equal Credit Opportunity Act, violation of 8 V.S.A. § 1211[7], and negligence.[8] Merchants sold

5. The first loan was made in June of 1988 for a sum of $450,000. The companies received three other loans consisting of $50,000 1990; $75,000 in May of 1991; and $150,000 in June of 1992.

6. Merchants reached an August 1995 formal settlement with the Debtors regarding Debtors alleged defaults on the loans. Debtors, among other things, agreed to provide deeds in lieu of foreclosure on the personal residences of the guarantors, sell certain collateral, and bring the loan obligations current. Alleging Debtors had not complied with the terms of that agreement, Merchants brought a foreclosure action on December 26, 1995.

7. "No financial institution shall discriminate against any applicant for credit services on the basis of the sex, marital status, race, color, religion, national origin, age, sexual orientation or handicapping condition of the applicant, provided the applicant has the legal capacity to contract." 8 V.S.A. § 1211(a).

8. On Merchants State Court Motion for Summary Judgment, the counterclaims for violation of the Equal Credit Opportunity Act, violation of 8 V.S.A. § 1211, negligence, and promissory estoppel were dismissed. The claims of breach of contract, tortious interference with contract, and punitive damages remain to be decided.

9. Merchants is no longer a plaintiff in the foreclosure, but the counterclaims against it remain.

10. A summary of the discovery disputes and delays at the state court level is not required, be-

the loan to Atlantic, rendering both Atlantic and Merchants (collectively "Banks") parties to the foreclosure action.[9]

After discovery in state court[10], the matter was set for trial. On the eve of trial, Debtors filed a voluntary Chapter 11 petition, and removed the foreclosure action to an adversary proceeding here.[11] Debtors then brought an adversary proceeding against Atlantic, seeking equitable subordination, injunctive relief, and a determination of the validity and extent of Atlantic's lien. Merchants filed a Motion for Mandatory Abstention[12] and to Remand, to which Atlantic joined.

## DISCUSSION

Banks first claim that we must abstain from hearing the matters before us under the mandatory abstention doctrine as

cause ultimately, those issues have little effect on our decision here. Many of the factual allegations and claims made at the state court level are identical to those made in this proceeding, and we will utilize discovery taken in the state court to the extent that it is relevant. "Obviously, to the extent the discovery material obtained in the ... litigation is relevant to the narrow issues pending before this court, those materials are available and could be used in the Bankruptcy litigation." *Howard v. Caranci (In re Caranci)*, 228 B.R. 777, 779 (Bankr.M.D.Fla.1998). The availability of this material will minimize the costs to the parties, who will not be forced into beginning discovery anew. We are not, of course, limited to the discovery materials in the state court action, and may allow more discovery if needed to prosecute or defend against the federal claims in this action.

11. "A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

12. There is currently a dispute in the Second Circuit as to whether the mandatory and discretionary abstention requirements apply to an action removed under § 1452(a). See *Marine Midland Bank v. Zurich Ins. Co. (In re Olympia & York Maiden Lane Co. LLC)*, Nos. 98B46167JLG, 98B46168JLG, 98/9155A, 1999 WL 58581 at *5 (Bankr.S.D.N.Y. Jan. 25, 1999). We do not reach this issue, because we find that abstention is not warranted in this case anyway.

codified under 28 U.S.C. § 1334(c).[13] The six criteria for mandatory abstention are: 1) a timely abstention motion; 2) a state law claim or cause of action; 3) no independent federal jurisdictional basis; 4) a claim 'related to' but not 'arising in' or 'arising under' title 11; 5) a parallel action in state court; and 6) the ability to timely adjudicate the state court action.[14] *9281 Shore Road Owners Corp. v. Seminole Realty Co. (In re 9281 Shore Road Owners Corp.)*, 214 B.R. 676 (Bankr.E.D.N.Y.1997). Mandatory abstention applies only to 'non-core proceedings'.[15] *S.G. Phillips Constructors v. City of Burlington (In re S.G. Phillips Constructors)*, 45 F.3d 702 (2d Cir.1995). If the foreclosure action is a 'core proceeding', mandatory abstention is inapplicable.[16] Generally, core proceedings are deemed proceedings 'arising in' or 'arising under' title 11.[17] "To be a core proceeding, an action must have as its foundation the creation, recognition, or adjudication of rights which would not exist independently of a bankruptcy environment although of necessity there may be a peripheral state law involvement." *Unsecured Creditors Committee v. Noyes (In re STN Enterprises)*, 73 B.R. 470, 478 (Bankr.D.Vt.1987) (quoting *Acolyte Electric Corp. v. City of New York*, 69 B.R. 155, 173–174 (Bankr.E.D.N.Y. 1986)).

Foreclosure proceedings are based on state law,[18] and are generally deemed 'non-core'.[19] The foreclosure action here, however, is based upon the same facts as Debtors' equitable subordination claim. Under 28 U.S.C. § 157(b)(2)(B)(K) & (O),[20] equi-

---

**13.** The mandatory abstention statute reads:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. 28 U.S.C. § 1334(c).

**14.** It is obvious that four of the criteria for mandatory abstention are met here, and therefore we do not discuss those criteria in depth. Defendants have filed a timely abstention motion, the foreclosure action is based upon state law, and there is no diversity or other independent federal jurisdictional basis here. Further, there is a parallel state court foreclosure currently pending in the state court, albeit subject to the automatic stay.

**15.** 28 U.S.C. § 1334(c)(2).

**16.** The core/non-core distinction is an important, albeit elusive one, because while we have jurisdiction to enter final orders and judgments in core proceedings, we have no such jurisdiction over non-core proceedings, absent consent of both parties. If the parties do not consent, we are limited to submitting proposed findings of fact and conclusions of law to the district court, and the district court enters any final judgments or orders. 28 U.S.C. § 157(b)(1) & (c)(1) & (2). For a fuller history and discussion of the post-Marathon 'core'/'non-core' distinction, see *Unsecured Creditors Committee v. Noyes (In re STN Enterprises)*, 73 B.R. 470, 476–481 (Bankr.D.Vt. 1987).

**17.** 28 U.S.C. § 157(b)(2)(A)–(0) contains a nonexclusive list of proceedings deemed 'core'.

**18.** "(J)ust because the ... causes of action may turn on state law, this will not, ipso facto, turn this adversary proceeding into (a) non-core proceeding." *In re STN Enterprises*, 73 B.R. at 478 (citations omitted); 28 U.S.C. § 157(b)(3).

**19.** "A foreclosure action does not invoke any provision of title 11 and does not arise in a case under title 11 because a foreclosure action is based on rights created by state law, but may be related to a bankruptcy case." *Aetna Life Insurance Co. v. Danbury Square Ass., (In re Danbury Square Ass.)*, 150 B.R. 544, 547 (Bankr.S.D.N.Y. 1993).

**20.** "(A) trustee's objection to a lien or claim bottomed on the concept of equitable subordination pursuant to 11 U.S.C. § 510(c) does implicate the process of allowance or disallowance of claims which is expressly described as a core proceeding under 28 U.S.C. § 157(b)(2)(B)." *In re Danbury Square*, 150 B.R. at 547. "Jurisdiction exists in this matter ... equitable subordination being a core matter under 28 U.S.C. §§ 157(b)(2)(K) and (O)." *Boyd v. Sachs*, 153 B.R. 457, 461 (Bankr.W.D.Mich.1993) (citations omitted). Core proceedings include, but are not limited to:

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for the pur-

table subordination[21] is a core matter and may not be remanded to the state court.[22] To reach a decision on the equitable subordination claim, we must necessarily determine the validity of Atlantic's attempted state court foreclosure, and vice versa. This interaction between the foreclosure action and the equitable subordination claim makes it difficult to determine whether or not the foreclosure action should be deemed core for purposes of our jurisdiction. "In its present posture, the litigation between the parties involves a non-core complaint to foreclose on the debtor's real estate and a core counterclaim for equitable subordination.... When combined, the issues raised by the pleadings do not fit neatly within the pale of either core or non-core for purposes of determining if mandatory abstention is applicable." *Aetna v. Danbury Square Ass. Ltd. Partnership (In re Danbury Square Ass. Ltd. Partnership)*, 150 B.R. 544, 547 (Bankr.S.D.N.Y. 1993).

While not explicitly saying that foreclosure proceedings intertwined with equitable subordination claims are core proceedings, courts have consistently noted the two should be heard in the same forum. "In the instant case, the equitable subordination claim may not be heard in this court if the foreclosure action is remanded to a state court where a judgment of strict foreclosure would be entered." *9281 Shore Road Owners Corp. v. Seminole Realty Co. (In re 9281 Shore Road Owners Corp.)*, 187 B.R. 837, 854 (E.D.N.Y. 1995); see also In re Danbury Square, 150

B.R. at 547. Such rulings are based on the policies of efficiency and consistency. "For example, this Court might decide that the conduct of Defendant in the foreclosure warrants equitable subordination of Defendant's claim while, at the same time, a state court might rule that foreclosure was proper and that no damages are warranted". *Walker v. Bryans (In re Walker)*, 224 B.R. 239, 242 (Bankr.M.D.Ga.1998).

Such rulings are further based, we think, upon an implicit realization that once an equitable subordination claim or defense is raised, any actions, claims, or liens so intertwined with that equitable subordination claim should be heard by the bankruptcy court. "[Equitable subordination] is a bankruptcy remedy peculiar to the equitable jurisdiction of the bankruptcy court and cannot be severed from, and exist independently of, a lien or claim which (sic) will not be determined in the bankruptcy court." *In re 9281 Shore Road Owners Corp.* 187 B.R. at 854.

We find that we must hear the foreclosure action as a core matter under 28 U.S.C. §§ 157(B)(K) & (O) because the foreclosure proceeding, while based on state law, is so intertwined with the undoubtedly core subordination claim and the request to determine the validity and extent of Bank's lien.

■ In so doing, we do not ignore the fact that foreclosure actions are usually deemed

poses of distribution in a case under title 11;
....
(K) determinations of the validity, extent, or priority of liens; ...
(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.
28 U.S.C. § 157(b)(2).

**21.** The statute reads:
Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may—
(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or

(2) order that any lien securing such a subordinated claim be transferred to the estate.
11 U.S.C. § 510(c).
To equitably subordinate Atlantic's claim, Debtor must show: (1) Atlantic engaged in some type of inequitable conduct; (ii) the misconduct injured creditors of Debtor or conferred an unfair advantage on the Atlantic; (iii) equitable subordination of the claim is not inconsistent with the provisions of the Bankruptcy Act. *Glinka v. Dartmouth Banking Co., (In re Kelton Motors Inc.)*, 121 B.R. 166, 190 (Bankr.D.Vt.1990) (citations omitted).

**22.** "The notion of equitable subordination, as embodied in Code § 510(c), is peculiar to bankruptcy law and an issue which can only be decided in a bankruptcy setting." *In re Poughkeepsie Hotel Ass. Joint Venture*, 132 B.R. 287, 292 (Bankr.S.D.N.Y.1991). We have no power to remand, and the state court has no power to hear, such a claim.

220

non-core.[23] When inextricably intertwined with the equitable subordination claim, however, a core claim that must be heard here, we think it is safe to say the entire proceeding is core. "When a proceeding is in part core and in part non-core related, we may determine the entire proceeding is core when the core aspect predominates and the non-core related aspect, by comparison is insignificant." *In re STN Enterprises*, 73 B.R. at 484.[24] We note that generally, a foreclosure action could hardly be described as 'insignificant'. When compared to the equitable subordination claim, however, we think such a description is warranted. The equitable subordination claim predominates all of the state law claims here, because if we find Debtors are entitled to subordinate Bank's claim, Bank's right to foreclose may be overridden, regardless of any rights under state law. Equitable subordination, for lack of a better term, is the proverbial 500–pound gorilla of this case—the doctrine is not bound by state law, and it can trump the state law foreclosure, even if that foreclosure is legally valid.[25]

Because the equitable subordination claim predominates this proceedings, we think that the entire matter is core under 28 U.S.C. §§ 157(B)(K) & (O). Accordingly, mandatory abstention does not apply. See 28 U.S.C. § 1334(c).

Even if the foreclosure action and counterclaims were non-core, and we were somehow able to wrest the 500–pound gorilla's grasp from the state law claims and sever the foreclosure action, mandatory abstention would still not apply. To avoid conflicting judgments, we could not grant relief from the automatic stay[26] until rendering a decision on the equitable subordination claim. Equitable subordination is a defense to foreclosure, a defense unavailable at the state court. "If the automatic stay is terminated and the movant allowed to foreclose, the estate would be deprived of these defenses (equitable subordination) in the nonbankruptcy forum." *In re Poughkeepsie Hotel Ass. Joint Venture*, 132 B.R. 287, 292 (Bankr. S.D.N.Y.1991); see also *In re Danbury Square*, 150 B.R. at 547 (noting that remanding foreclosure action to state court would deprive trustee of equitable subordination defense). We find that the last prong of the mandatory abstention test under 28 U.S.C. § 1452(a), the ability of the state court to timely hear the matter, is lacking because any action on a non-core foreclosure action would necessarily be stayed until our determination of the equitable subordination claim.

We also deny Banks' request for permissive abstention under 28 U.S.C. § 1334(c)(1).[27] As noted above, it is not

**23.** "Mortgage foreclosures are non-core proceedings, and hence, the bankruptcy court cannot enter final orders. Resolution of the issues depends upon state law...." *In re Tornheim*, 181 B.R. 161, 170 (Bankr.S.D.N.Y.1995) appeal dismissed 1996 WL 79333 (S.D.N.Y. Feb. 23, 1996).

**24.** We note that this 'predominance approach' has been called into question, see *Glinka v. Abraham & Rose Co. Ltd.*, No. 905714, 1994 WL 905714 at * 10 (D.Vt., June 6, 1994) (noting that it is unclear whether use of the 'predominance' approach to determine the core status of a proceeding is the correct approach) see also *Nationwide Roofing and Sheet Metal, Inc. v. Cincinnati Ins. Co. (In re Nationwide Roofing and Sheet Metal Inc.)*, 130 B.R. 768, 776 (Bankr.S.D.Ohio 1991); *Halper v. Halper*, No. 98–5093, 164 F.3d 830 (3rd Cir.1999) (noting a split among the courts on this issue and rejecting 'predominance' approach and adopting a claim by claim approach to determining core status of proceeding); but see *Taxel v. Electronic Sports Research (In re Cinematronics Inc.)*, 111 B.R. 892, 901 (Bankr.S.D.Cal.1990) (following 'predominance'

approach). We think that the 'predominance' approach is consistent with both the wording and spirit of § 157, which recognizes that even claims that may turn upon state law may be deemed core in some circumstances. "A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3).

**25.** See note 19.

**26.** See 11 U.S.C. § 362.

**27.** "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). A plethora of factors may be considered in deciding whether or not to abstain, including: (1) the effect or lack thereof on the efficient administration of the estate if a Court

practical to sever the state law claims from the equitable subordination claim. As another court recently stated:

> (T)he Court notes that, if it abstains from hearing (the state law, non-core counts) there is a danger of inconsistent results between the state court and this Court since the claims stated in Counts I, II, and III are core matters and cannot be adjudicated in the state court. This could cause difficulty in the administration of the underlying bankruptcy case depending upon the outcome of a state court proceeding. For example, this Court might decide that the conduct of Defendant in the foreclosure warrants equitable subordination of Defendant's claim while, at the same time, a state court might rule that foreclosure was proper and that no damages are warranted. In addition, the administration of this bankruptcy case would have to be stayed until the resolution of the severed matters in state court. Such a delay could be avoided by resolving all matters here, in one trial. For these reasons and in the interest of judicial economy, the Court will not voluntarily abstain from any of the counts listed in the Complaint. Instead, the Court will hear all matters in this

adversary proceeding, including counts ... for which 'related to' jurisdiction exists. *In re Walker*, 224 B.R. at 242.

We agree with the reasoning set forth in *Walker, supra*. A remand here would demand that the same factual allegations be heard twice, in two different forums, creating the possibility of inconsistent results. We therefore Deny Banks' motion to voluntarily abstain.[28]

█ Finally, Banks ask us to dismiss this Chapter 11 case due to Debtors' alleged bad faith. Banks claim Debtors have no intent on reorganizing, but rather are using the Bankruptcy filing as a means to delay justice and have us rehear discovery and other matters already decided in the state court.

█ The evidence does not warrant a dismissal for bad faith. "(A) bankruptcy court may dismiss such a petition for want of good faith in its filing, but only with great caution and upon supportable findings both of the objective futility of any possible reorganization and the subjective bad faith of the petitioner in invoking this form of bankruptcy protection." *In re 9281 Shore Road Owners Corp.*, 187 B.R. at 855 (citing *Carolin Corp. v. Miller*, 886 F.2d 693, 694 (4th Cir. 1989)). The filing of a 'liquidating plan' is an appropriate use of the Chapter 11 scheme.[29]

---

recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties. *In re Riverside Nursing Home*, 144 B.R. 951, 956 (S.D.N.Y.1991) (citations omitted). While some of these factors are present, namely (4) and (10), they are not enough to justify a remand here.

**28.** Unlike Atlantic, Merchants is no longer a plaintiff in the foreclosure action because it sold its loan to Atlantic. Merchants therefore claims

we should remand the counterclaims against it because it is not seeking any foreclosure remedy.

We disagree. While not a plaintiff in the foreclosure action, Merchants is still a party. Merchants brought the original foreclosure and the counterclaims against it spring directly from that action. More importantly, one of Debtors alleged grounds for subordinating Atlantic's claim is that Atlantic knowingly purchased loans tainted by Merchants' misdeeds. Under this theory, Merchants conduct becomes highly relevant, and intertwined, with the equitable subordination and the motion to determine the validity and extent of Atlantic's lien. "The basis for these rules of equitable subordination is that the bankruptcy court has the equitable power and the duty 'to sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate.' " *In re 9281 Shore Road Owners Corp.*, 187 B.R. at 853 (quoting *Pepper v. Litton*, 308 U.S. 295, 303, 60 S.Ct. 238, 243, 84 L.Ed. 281 (1939)).

**29.** "With respect to the nature of the Plan and its provision for a liquidation instead of a reorganization of the debtors, the appellants' arguments that a liquidation is not permitted under Chapter

Further, as noted above, Debtors' equitable subordination claim may only be heard in a Bankruptcy court, and it was therefore appropriate for these Debtors to file bankruptcy in order to have that claim adjudicated here, in the only available forum. See *In re 9281 Shore Road Owners Corp.*, 187 B.R. 837 (holding that trial on merits of equitable subordination was required, and dismissal for bad faith filing was improper, where bankruptcy court was the only available forum for equitably subordinating mortgagee's claims, and if debtor's allegations of creditor misconduct were substantiated enforcement of mortgage would violate equitable subordination principles.)

## CONCLUSION

We deny Defendants' Motion for Mandatory Abstention and Remand and refuse the request to dismiss the case for bad faith. Debtors' counsel to submit an Order within five (5) days. All previous briefing schedules are stayed pending a further status conference.

---

11 are mistaken. Section 1123(b)(4) provides for the sale of all of the property of the estate, as well as the distribution of the proceeds of such sales to creditors, by means of a liquidating plan." *Abel v. Shugrue (In re Ionosphere Clubs, Inc.)*, 184 B.R. 648, 654 (S.D.N.Y.1995) (citations omitted).